**Ivy FLINT, Appellant,**

v.

**Shirley MICKELSEN (formerly Shirley Mounce), Appellee.**

**No. 01–89–00415–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 16, 1989.

---

Rodney Merwin, Houston, for appellant.

James Boanerges, Houston, for appellee.

Before WARREN, DUGGAN and MIRABAL, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a take-nothing judgment entered against appellant. Appellant sued appellee for negligence after she fell in appellee's home and injured her hip. The main issue in this appeal is whether appellant is entitled to judgment on the jury's verdict.

In response to special issues, the jury found that: (1) the hallway in question constituted a dangerous condition; (2) appellee had actual knowledge of the dangerous condition; (3) appellant was *not* without actual knowledge of the dangerous condition; (4) appellee was 90% negligent, and appellant was 10% negligent, and both parties' negligence was the proximate cause of the occurrence in question [1]; and (5) appellant suffered damages of $57,000. Both parties filed motions for judgment. Appellee's motion argued that, because appellant was a licensee, her own knowledge of the

dangerous condition, as found by the jury in its answer to question number three, negated appellee's liability for ordinary negligence. The trial court entered judgment for appellee.

The parties agree that appellant was a social guest/licensee in appellee's home. The duty of care owed to a licensee is not to injure him willfully, wantonly, or through gross negligence. *State v. Tennison*, 509 S.W.2d 560 (Tex.1974). However, if the licensor has actual knowledge of the dangerous condition, *and the licensee does not*, the licensee can recover for ordinary negligence. *Lower Neches Valley Auth. v. Murphy*, 536 S.W.2d 561 (Tex.1976).

Appellant argues, in her sole point of error, that *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 517 n. 2 (Tex.1978), abolished the "no duty" concept in all negligence cases, and, therefore, her knowledge is only relevant to a determination of contributory negligence.[2] Therefore, she contends, the trial court erred in entering judgment for the appellee. We disagree.

The *Parker* case, which specifically dealt with the duty of care owed an invitee, not a licensee, did not abolish the long-standing rule that a plaintiff must prove the existence of a legal duty owed him by the defendant to establish negligence liability. *Jenkins v. Fritzler Dev. Corp.*, 580 S.W.2d 63, 65 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). The legal duty owed to a licensee is not to injure him willfully, wantonly, or through gross negligence. *State v. Tennison*, 509 S.W.2d 560. It is the *exception* to this duty that requires a finding of lack of knowledge by the licensee. In other words, appellant, as a licensee, was required to prove that she was injured as a result of appellee's willful, wanton conduct, or through gross negligence. The only other basis for recovery would have been for appellant to prove that appellee had actual knowledge of the dan-

---

1. The issue was submitted to the jury based on the standard of ordinary negligence.

2. An owner or possessor of land is liable to its *invitees* for ordinary negligence. The invitee's knowledge and conduct are factors the jury

must weigh in determining whether the invitee was contributorily negligent, not whether the premises occupier was negligent. *Joachimi v. City of Houston*, 712 S.W.2d 861, 863 n. 1 (Tex. App.—Houston [1st Dist.] 1986, no writ).

gerous condition, and that she, appellant, did not have actual knowledge. *Marshbank v. Austin Bridge Co.*, 669 S.W.2d 129, 132–33 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.), *overruled in part on other grounds sub nom. Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634 (Tex.1989).

Because appellant did not submit an issue that she was injured willfully, wantonly, or through gross negligence, nor prove that the exception to that duty applied to her case, there was no basis for a recovery. Therefore, the trial court properly entered judgment for the defendant.

Appellant's sole point of error is overruled, and the judgment is affirmed.