**BILL'S DOLLAR STORE, INC., Appellant,**

v.

**Linda Mae BEAN, Appellee.**

No. 14–01–00066–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 11, 2002.

Craig H. Clendenin, Houston, H. Hollis Horton, Beaumont, for appellants.

Vincent L. Marable, III, Wharton, Gilbert T. Adams, Beaumont, for appellants.

Panel consists of Justices YATES, EDELMAN, and WITTIG *.

## MAJORITY OPINION

LESLIE BROCK YATES, Justice.

Appellant, Bill's Dollar Store, contests jury findings of negligence and gross negligence in a premises liability action arising out of a slip and fall at appellant's store. Appellant contends the wet floor warning given to appellee was adequate as a matter of law. We agree, reverse the judgment below, and render judgment that appellee take nothing.

### Background

Appellee, Linda Mae Bean, was checking out of appellant's store in Winnie, Texas, when a child spilled cola between the store exit and the check-out counter where appellee stood. Linda Weekly, the store assistant manager, immediately began cleaning the spill with a wet mop and instructed the cashier to inform customers of the spill while she retrieved a dry mop. The area of floor mopped by Weekly was

---

* Senior Justice Don Wittig sitting by assignment.

approximately three feet from where appellee stood at the check-out counter. The cashier warned appellee that the floor was wet and advised her to be careful. Appellee acknowledged that she heard the warning and that she knew where the spill was and of the risk posed. Nevertheless, she walked over the wet area and fell. Appellee sued the store alleging negligence and gross negligence. The jury found appellant acted with negligence and gross negligence and awarded $495,954.27 in actual damages and assessed $1,000,000 in exemplary damages. Based on the jury's assessment of forty percent responsibility to appellee, the trial court reduced the damage award by forty percent.

### Issues

Appellant contends the trial court erred in submitting the issue of negligence to the jury and overruling its motion for judgment notwithstanding the verdict because the evidence established as a matter of law that appellant discharged its duty to appellee by warning her of the dangerous condition.

As to gross negligence, appellant contends there was no evidence to support submission of the gross negligence issue to the jury. Because we reverse the negligence finding, we also reverse the finding of gross negligence. *See Travelers Indem. Co. of Illinois v. Fuller*, 892 S.W.2d 848, 849–52 (Tex.1995) (plaintiff cannot recover punitive damages unless she has suffered a compensable injury).

### Negligence—Adequacy of Warning

In reviewing a "matter of law" challenge, the reviewing court must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001). If there is no evidence to support the finding, the reviewing court will then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.*

Tort liability depends on both the existence of and the violation of a duty. *Lefmark Mgmt. Co. v. Old*, 946 S.W.2d 52, 53 (Tex.1997). An owner or occupier of land has a duty to keep the premises under his control in a safe condition. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 417 (Tex.1985). This duty is discharged by warning the invitee of unreasonable risks of harm either known to the owner or which would be known to him by reasonable inspection or by making the premises reasonably safe. *McCaughtry v. Barwood Homes Assn.*, 981 S.W.2d 325, 330 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

In this case, the jury was instructed that appellant was negligent if:

1. The condition posed an unreasonable risk of harm, and
2. Defendant knew or reasonably should have known of the danger, and
3. Defendant failed to exercise ordinary care to protect Plaintiff from the danger by both failing to adequately warn plaintiff of the condition and failing to make that condition reasonably safe.

Therefore, appellant's duty to appellee is discharged if it either warned appellee of the condition or made the condition safe. In other words, if the evidence conclusively established that appellant adequately warned appellee of the condition, appellant cannot be found negligent as a matter of law. *See State v. Williams*, 940 S.W.2d 583, 584 (Tex.1996).

Appellee and the dissent argue that allowing a warning to discharge duty is predicated on the assumption that any

subsequent mishap is caused solely by the plaintiff's negligence. Therefore, they argue, the issue of appellant's warning was properly addressed in the jury's answer to the comparative negligence question. In *Parker v. Highland Park, Inc.,* 565 S.W.2d 512 (Tex.1978), the supreme court abolished the no duty concept with regard to premises liability cases. The court in *Parker* concluded the plaintiff's knowledge of the dangerous condition, whether derived from a warning or the facts, should not affect the defendant's duty. *Id.* at 521. Prior to *Parker,* a plaintiff was not only required to establish a duty owed and violation of that duty by a defendant, but he had to additionally "prove the absence of his own subjective knowledge and appreciation of any danger." *Id.* at 516. The *Parker* court abolished the additional requirement, but, contrary to appellee's assertion, did not change the underlying obligation to establish a duty on the part of a defendant and a violation of that duty. *Dixon v. Van Waters & Rogers,* 682 S.W.2d 533, 534 (Tex.1984); *See also Middleton v. Harris Press & Shear, Inc.,* 796 F.2d 747, 751 (5th Cir.1986). Here, appellant acknowledges its duty to appellee, but asserts the evidence shows it discharged that duty as a matter of law.

■ Applying the appropriate standard of review, we first examine the record for evidence that supports the jury's finding that appellant failed to adequately warn appellee of the wet floor. In an attempt to show she was not adequately warned, appellee presented the testimony of Dr. Harvey Cohen, a safety and human factors expert. Dr. Cohen testified that the warning given by the cashier was not adequate because warnings should both point out danger and describe how to avoid the condition. An owner or occupier is required to warn of the condition or take reasonable steps to make the condition

safe. *McCaughtry,* 981 S.W.2d at 330. We have found no case that requires the owner or occupier to also explain how an invitee can avoid the condition of which she has been warned. *See* RESTATEMENT (SECOND) OF TORTS § 343 cmt. b. ("To the invitee the possessor owes ... [the] duty to exercise reasonable affirmative care ... at least to ascertain the condition of the land, and to give such warning that the visitor may decide intelligently whether or not to accept the invitation...."). Therefore, Dr. Cohen's testimony does not support the jury's finding that appellee was not adequately warned.

■ We now review the record to determine if the contrary position is established as a matter of law. *See Dow Chemical,* 46 S.W.3d at 241. Appellant contends that the warning given to appellee discharged the duty owed to appellee. The cashier testified that she "told [appellee] to watch the wet spot as she walked out the door." The cashier testified that she pointed out the wet area for the customers that followed appellee, and that those customers were able to avoid the wet area by walking around it. Appellee testified that the cashier pointed out the wet area, that she "could see the floor was wet," and that she knew from her experience working at a convenience store and from "common sense" that the freshly mopped floor could potentially be a slipping hazard. Appellee further testified she could see that the route she planned to take out the front door was wet. Appellee stood at a distance of approximately three feet from the spill as it was being mopped. Under these particular facts, the warning given was adequate as a matter of law. Because appellant conclusively established that it adequately warned appellee of the dangerous condition and appellee presented no evidence to the contrary, the trial court erred in submitting the issue of negligence

to the jury. Appellant's first issue is sustained.

Accordingly, the judgment below is reversed and it is ordered that plaintiff take nothing.

WITTIG, J., concurred and dissented.

DON WITTIG, Senior Justice (Assigned), concurring and dissenting.

Entombed within the midland of the majority opinion, two important legal issues are concealed. The first is procedural; the second is substantive. The majority opinion issued today is the first published Texas case decided after adoption of comparative negligence to hold warning an invitee of dangerous conditions may discharge premises liability as a matter of law.

## I. Standard of Review For "Matter of Law" Challenges

As the Supreme Court explained in *Dow Chemical v. Francis*, 46 S.W.3d 237, 241 (Tex.2001), reviewing a "matter of law" challenge is a two-step process. First, we view all the evidence in a light most favorable to the party in whose favor the verdict has been rendered, and every reasonable inference deducible from the evidence is to be indulged in the party's favor. *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex.1998) (citing *Harbin v. Seale*, 461 S.W.2d 591, 592 (Tex.1970)). Anything more than a scintilla of evidence is legally sufficient to support the finding. *Id.* Only if no evidence supports the finding will the reviewing court then, as a second step, examine the entire record to determine whether the contrary proposition is established as a matter of law. *Dow Chemical v. Francis*, 46 S.W.3d at 242.

The first step of review under *Dow Chemical* obliges the majority to wrestle separately with trial testimony presented by appellee's expert (demonstrating the inadequacy of the warning given) unmixed with other facts tending to show appellee's comparative fault. Most importantly, it requires that all evidence be viewed in the light most favorable to the verdict. Not only does the majority opinion fail to view the evidence in the light most favorable to the verdict, it conjures a hypothetical boundary between that part of a warning which advises of a dangerous "condition" and that which advises of a "method of avoidance." Most warnings implicitly advise of a method of avoidance. Many, if not most, do so explicitly. It is criticism enough to note that the majority makes new law, not just in our state, but nationally, in countenancing this distinction.[1] In any event, to the extent the distinction is meritorious, its ramifications are manifest in the apportionment of liability under our comparative negligence scheme, which I discuss next.

## II. Absolute Discharge of Duty by Warning is Inconsistent with Comparative Negligence

I agree with appellee that the Supreme Court's adoption of comparative negligence scheme in *Parker v. Highland Park, Inc.* is inconsistent with Restatement (Second) of Torts § 343 to the extent that section may be read to allow a warning to *completely* discharge liability for dangerous conditions on land. *See also* Tex. Civ. Prac. & Rem. § 33.001 (comparative negligence statute). Under these facts, a warning to an invitee should release a landowner from liability for premises defects only to the extent landowner liability is rejected

---

1. The majority opinion is devoid of supportive case law on this matter.

by the jury through a comparative negligence submission.[2]

## Legal History

Knowledge of obvious, dangerous conditions was once a complete bar to recovery. This was known as the "no-duty" rule. *See, e.g., Halepeska v. Callihan Interests, Inc.,* 371 S.W.2d 368, 378 (Tex.1963) (explaining the rule). In 1978, the supreme court did away with the no-duty rule. *See Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 517 (Tex.1978) (comprehensive review). The no-duty rule is a variant of assumption of the risk. It is inconsistent with our comparative negligence scheme. It is found, with a twist, in Restatement (Second) of Torts § 343A(1), which provides:

> A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.* (italics added).

Section 343A and 343 are to be read together.[3] *See* Restatement (Second) of Torts § 343 cmt. a. Some of the difficulty in determining the effect of comparative negligence on application of Sections 343 and 343A stems from the manner in which the Restatement comments blend analysis of invitee and licensee scenarios.

Federal Courts have been unable to agree about the effect of comparative neg-

ligence schemes on the validity of these sections. *See generally Koutoufaris v. Dick,* 604 A.2d 390, 396 (Del.1992) (Delaware supreme court case conducting detailed review of law across the nation). According to *Koutoufaris,* the Second, Fourth, Fifth, and Seventh Circuits hold the caveat (italicized above) continues to make Section 343A viable under comparative negligence. The Seventh Circuit writes:

> [W]e read Section 343 together with Section 343A not as providing defenses but as defining when it is negligent to allow the existence of a dangerous condition. Under the Restatement, when the danger is open and obvious and in addition is avoidable in the exercise of ordinary care and therefore the harm is not foreseeable, it is not negligent to allow the danger to exist. *Clemons v. Mitsui O.S.K. Lines, Ltd.,* 7th Cir., 596 F.2d 746, 750 n. 17 (1979).

Among those states that have addressed the issue, *Koutoufaris* indicates that only one has held Section 343A valid under comparative negligence. *See* 604 A.2d at 396–97. Delaware, with many other states, rejects it, reasoning:

> In our view, adoption of a comparative negligence standard in 1984 manifests a legislative intention from that date to retreat from a system of inflexible and unforgiving rules in favor of evaluation of the plaintiff's conduct on a case-by-case basis. If § 343A is interpreted as a

---

**2.** A limited exception to this rule should be preserved for independent contractors called to repair premises defects. *See, e.g., Delhi–Taylor Oil Corp. v. Henry,* 416 S.W.2d 390 (Tex.1967) (decided under the now defunct "no-duty" rule).

**3.** Section 343 provides:
A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he:

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against the danger.

duty limiting provision, it retains its character as an inflexible legal rule the sole focus of which is upon whether the plaintiff was in any way culpable in not appreciating the hazard created or permitted by the defendant. *Id.* at 398 (internal citations omitted).

In other words, plaintiff's knowledge of danger should be, under a comparative negligence scheme, an inquiry into proximate cause, not duty. Under the old, inflexible scheme, holding that defendant had no duty was a *de facto* determination that the causal relationship between defendant's act and the injury was too attenuated. Today, this causal nexus is resolved by the jury, which weighs the degree of causation associated with both plaintiff's and defendant's concurrent acts.

Comment b to Section 343 should be resolved similarly, *i.e.*, disinterpreted as absolving a defendant of all duty. Comment b states:

> To the invitee the possessor owes not only [to disclose dangerous conditions not likely to be discovered], but also the additional duty to exercise reasonable affirmative care to see that the premises are safe for the reception of the visitor, or at least to ascertain the condition of the land, *and to give such warning* that the visitor may decide intelligently whether or not to accept the invitation, or may protect himself against the danger if he does accept it. (italics added).

Support for this (dis)interpretation is found in a subsequent paragraph of comment b:

> On the other hand, as stated in § 343A, there are some situations in which there is a duty to protect an invitee against even known dangers, where the possessor should anticipate harm to the invitee notwithstanding [the invitee's] knowledge.

A close reading of the Restatement plainly indicates it is immaterial whether the invitee's knowledge derives from his own experience or from a warning delivered by the possessor.

### Conflicting Texas Precedent

*Parker v. Highland Park* is a first-principle review of premises liability law in Texas. *State v. Williams,* upon which the majority opinion relies is, by contrast, an single-page denial of writ relating to charge error. Viewed in this light, reliance on *State v. Williams* is remarkable. If the majority correctly interprets *State v. Williams,* then *Parker* and *State v. Williams* are irreconcilable, and *Parker* is correct. As appellee diligently notes, *Parker* states:

> There are many instances in which a person of ordinary prudence may prudently take a risk about which he knows, *or has been warned about,* or that is open and obvious to him. His conduct under those circumstances is a matter which bears upon his own contributory negligence . . .

> A plaintiff's knowledge, *whether it is derived from a warning or from the facts,* even if the facts display the danger openly and obviously, is a matter that bears upon his own negligence; it should not affect the defendant's duty . . . In a case that is controlled by the comparative negligence statute, a plaintiff's contributory negligence that is established as a matter of fact or as a matter of law must then be compared with the negligence of the other parties. (italics added).

*Parker,* 565 S.W.2d at 520, 521. This italicized language is a distinction between Restatement Section 343 (which addresses knowledge gained from warning) from Section 343A (which addresses no-duty because danger is open and obvious). The

law set out in *Parker* is consistent with application of the Restatement in the majority of our United States. It represents sound public policy and, as I observe in concluding below, achieves internal consistency in this complicated and occasionally counterintuitive area of law.

### Conclusion

Here, a store cashier mopped a floor, leaving it wet. Two negligent activities are presented: (1) mopping; and (2) walking across a floor known to be wet. On appeal, the majority allows the defendant to escape liability based upon warning, whilst receipt of the same warning was used to assign 40% responsibility to the plaintiff at trial under our comparative negligence scheme. This process is clearly wrong. Allowing a warning to *totally* discharge duty is predicated, under the Restatement provisions adopted in *Parker*, upon the assumption that any subsequent mishap is caused solely by plaintiff's negligence. However, where a jury simultaneously considers plaintiff's (comparative) negligence, they must reject the assumption, at least in part, if fault is assigned to defendant. For this compelling and fundamental reason, I would affirm that part of the judgment relating to ordinary negligence.[4]

I concur in the result reached by the majority regarding the lower court's gross negligence finding.

---

4. Due to the clarity of the warning given appellee, this is an ideal opportunity for determination of the legal effect of warning under comparative negligence, unsullied by procedural or factual limitation.