Johnnie WILSON, Appellant

v.

BRAEBURN PRESBYTERIAN CHURCH, Appellee.

No. 14–06–00215–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 27, 2007.

David K. Mestemaker, Houston, TX, for appellants.

Evelyn Ailts Derrington, Terry Womac, Douglas Martin Walla, and Neal David Kieval, Houston, TX, for appellees.

Panel consists of Justices YATES, SEYMORE, and EDELMAN.*

## MAJORITY OPINION

RICHARD H. EDELMAN, Senior Justice.

In this premises liability case, Johnnie Wilson appeals a summary judgment entered in favor of Braeburn Presbyterian Church ("Braeburn") on various grounds. We reverse and remand.

Wilson sued Braeburn for injuries she suffered when she slipped and fell on a wet floor in a facility owned by Braeburn. Braeburn moved for summary judgment, asserting: (1) it had no duty to Wilson because she had actual knowledge of the dangerous condition; (2) it acted reasonably in attempting to repair the leak that caused the floor to be wet; and (3) it had no duty to Wilson because her employer, NCI Head Start ("NCI"), as the leaseholder of the premises where the injury occurred, was in control of those premises. The trial court granted Braeburn's motion and entered a take-nothing judgment against Wilson's claims.

A traditional summary judgment may be granted if the motion and summary judgment evidence show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or any response. Tex.R. Civ. P. 166a(c). In reviewing a summary judgment, we consider all of the evidence in the light most favorable to the nonmovant, indulge every inference in the nonmovant's favor, and resolve any doubts against the motion. *Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 756 (Tex.2007). Where, as here, the summary judgment order does not specify on what grounds it was granted, it may be affirmed if any of the theories advanced are meritorious. *Browning v. Prostok,* 165 S.W.3d 336, 344 (Tex.2005).

As relevant to our disposition, Wilson challenges the summary judgment on the grounds that: (1) Wilson's knowledge of the danger did not bar her recovery but only created a fact issue on proportionate responsibility; (2) Braeburn acknowledged the problem but failed to make the area safe; and (3) the area where the injury

---

* Senior Justice Richard H. Edelman sitting by assignment.

occurred was controlled by Braeburn, not NCI.

Wilson was employed by NCI to run a Head Start Center in a portion of Braeburn's facility that NCI leased. Wilson's injury occurred in a kitchenette (the "kitchenette") where water was draining from an air conditioning unit into a bucket, but was splattering or overflowing onto the floor. Wilson knew the floor was wet, and was attempting to empty the bucket into a sink when she slipped and fell.

■ As relevant to this case, a lessor has a duty to tenants only for dangerous conditions on portions of the premises that remain under the lessor's control. *See Shell Oil Co. v. Khan,* 138 S.W.3d 288, 296 (Tex.2004). Where an injury is caused by such a condition, the lessor is liable for it if, by the exercise of reasonable care, the lessor could have discovered the condition and its unreasonable risk and then made the condition safe. *Id.* If the dangerous condition is open and obvious, or otherwise known to the tenant, this does not dispense with the lessor's duty, but merely presents a fact issue on proportionate responsibility.[1]

Of Braeburn's three grounds for summary judgment, the judgment cannot be affirmed based on: (1) lack of duty, arising from Wilson's knowledge of the dangerous condition, because, as noted above, such knowledge does not eliminate Braeburn's duty as lessor of the premises; or (2) no breach of duty, arising from Braeburn having repeatedly contacted an air conditioning service company to repair the air conditioner, because, as noted above, a lessor's duty is to exercise reasonable care to make the condition safe, and merely contacting the service company did not demonstrate as a matter of law that Braeburn exercised reasonable care to make the condition safe. Our disposition is therefore governed by the issue of control.

■ Although Braeburn contends that the kitchenette was part of the area leased by NCI, the lease does not refer to the kitchenette, and it is not clear from the materials attached to the lease or any other summary judgment evidence whether the kitchenette is: (1) part of the leased area that was under NCI's exclusive control; or (2) merely a common area to which NCI had access but not exclusive control.[2] Although it is uncontested that NCI was the only entity using this room during its hours of operations, the evidence does not indicate whether this was because NCI had the exclusive right to use it then or, alternatively, because Braeburn simply had no need to use it during those hours, and we can make no inferences in favor of Braeburn in this regard. Moreover, to whatever extent control over the premises shifted between NCI and Braeburn at different times, Braeburn cited no authority or evidence establishing as a matter of law that NCI had the exclusive authority or responsibility to effect the repairs necessary to make the condition safe. Because Braeburn's summary judgment motion and evidence thus fail to demonstrate as a matter of law that NCI had control over the area where the dangerous condition existed, it cannot be affirmed on that basis. Accordingly, Wilson's issues are sustained, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings.

YATES, J., concurring.

---

1. *See Parker v. Highland Park, Inc.,* 565 S.W.2d 512, 521 (Tex.1978); Tex. Civ. Prac. & Rem.Code Ann. §§ 33.002, 33.003 (Vernon Supp.2007).

2. The kitchenette is located on a hallway bordered by classrooms that NCI used, as well as a room that it did not.

LESLIE B. YATES, Justice, concurring.

In a case such as this, the invitor's duty to an invitee is to either warn of the dangerous condition or to make the premises reasonably safe. *See Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 369 (Tex.App.-Houston [14th Dist.] 2002, pet. denied). I agree with the majority that Braeburn did not meet its duty to make safe merely by contacting the service company. I write separately to address Braeburn's duty to warn.

Braeburn acknowledges that it gave no warnings but argues that its duty to warn "was discharged by Ms. Wilson's own knowledge and appreciation of an open and obvious danger." In *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 521 (Tex.1978), the Texas Supreme Court explicitly rejected the notion that an invitee's knowledge of a dangerous condition can alleviate the invitor's duty to warn. Rather, the invitee's knowledge is an issue of contributory negligence that does not affect the duty to warn. *See id.; Grey Wolf Drilling Co. v. Boutte*, 154 S.W.3d 725, 734–35 (Tex.App.-Houston [14th Dist.] 2004, vac. by agr.); *Flint v. Mickelsen*, 781 S.W.2d 409, 410 n. 2 (Tex.App.-Houston [1st Dist.] 1989, no writ). This court has clearly held that an invitor satisfied its duty when it warned an invitee of a dangerous condition, even though the invitee was already aware of it. *See Bill's Dollar Store*, 77 S.W.3d at 369–70; *June v. Dan Kirby Assocs.*, No. 14–94–00561–CV, 1995 WL 506012, at *1–3 (Tex.App.-Houston [14th Dist.] Aug. 24, 1995, writ denied). Braeburn could have similarly discharged its duty here, but it

did not. Admittedly, it may seem awkward to require an invitor who has not made a condition safe to warn an invitee of that danger even if the invitee is already aware. However, that result is dictated by *Parker*, which unequivocally holds that an invitee's knowledge of a dangerous condition cannot alleviate the duty to warn.[1] *See Furr's, Inc. v. Logan*, 893 S.W.2d 187, 192 (Tex.App.-El Paso 1995, no writ) (rejecting defendant's argument that it owed no duty to plaintiff who knew of danger because "a warning would have been superfluous to one who already knew and appreciated the danger," stating that such a theory "is an evocation of the old 'no duty' doctrine" that the supreme court "has long since abolished").

I agree with the majority that there is a fact issue on the question of Braeburn's control of the dangerous area. If Braeburn had the requisite right to control and thus a duty to warn or make safe, it did not discharge that duty here. Thus, I respectfully concur.

---

1. Braeburn relies on *Summers v. Fort Crockett Hotel, Ltd.*, 902 S.W.2d 20, 28 (Tex.App.-Houston [1st Dist.] 1995, writ denied), in which the First Court of Appeals held that "if there are dangers that are open and obvious of which an invitee knows or of which it is charged with knowledge, then the occupier owes the invitee no duty to warn or protect the invitee." However, the *Summers* court relied on *Halepeska v. Callihan Interests, Inc.*, 371 S.W.2d 368 (Tex.1963), which the *Parker* court explicitly overruled. *See Parker*, 565 S.W.2d at 516–17. Thus, we decline to follow *Summers*.