Reversed and Remanded and Majority and Concurring Opinions filed
November 27, 2007








 

Reversed
and Remanded and Majority and Concurring Opinions filed November 27, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00215-CV

____________

 

JOHNNIE WILSON, Appellant

 

V.

 

BRAEBURN PRESBYTERIAN CHURCH, Appellee

 



 

On Appeal from the 80th
District Court

Harris County, Texas

Trial Court Cause No. 2005-14847

 



 

C O N C U R R I N G   O P I N I O N

In a case such as this, the invitor=s duty to an
invitee is to either warn of the dangerous condition or to make the premises
reasonably safe.  See Bill=s Dollar Store,
Inc. v. Bean, 77 S.W.3d 367, 369 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied).  I agree with the majority that Braeburn did not
meet its duty to make safe merely by contacting the service company.  I write
separately to address Braeburn=s duty to warn.








Braeburn acknowledges that it gave no warnings but argues
that its duty to warn Awas discharged by Ms. Wilson=s own knowledge
and appreciation of an open and obvious danger.@  In Parker v.
Highland Park, Inc., 565 S.W.2d 512, 521 (Tex. 1978), the Texas Supreme
Court explicitly rejected the notion that an invitee=s knowledge of a
dangerous condition can alleviate the invitor=s duty to warn. 
Rather, the invitee=s knowledge is an issue of contributory
negligence that does not affect the duty to warn.  See id.; Grey
Wolf Drilling Co. v. Boutte, 154 S.W.3d 725, 734B35 (Tex. App.CHouston [14th
Dist.] 2004, vac. by agr.); Flint v. Mickelsen, 781 S.W.2d 409, 410 n.2
(Tex. App.CHouston [1st Dist.] 1989, no writ).  This court has
clearly held that an invitor satisfied its duty when it warned an invitee of a
dangerous condition, even though the invitee was already aware of it.  See
Bill=s Dollar Store, 77 S.W.3d at 369B70; June v. Dan
Kirby Assocs., No. 14-94-00561-CV, 1995 WL 506012, at *1B3 (Tex. App.CHouston [14th
Dist.] Aug. 25, 1995, writ denied).  Braeburn could have similarly discharged
its duty here, but it did not.  Admittedly, it may seem awkward to require an
invitor who has not made a condition safe to warn an invitee of that danger
even if the invitee is already aware.  However, that result is dictated by Parker,
which unequivocally holds that an invitee=s knowledge of a
dangerous condition cannot alleviate the duty to warn.[1] 
See Furr=s, Inc. v. Logan, 893 S.W.2d 187,
192 (Tex. App.CEl Paso 1995, no writ) (rejecting defendant=s argument that it
owed no duty to plaintiff who knew of danger because Aa warning would
have been superfluous to one who already knew and appreciated the danger,@ stating that such
a theory Ais an evocation of the old >no duty= doctrine@ that the supreme
court Ahas long since
abolished@).








I agree with the majority that there is a fact issue on the
question of Braeburn=s control of the dangerous area.  If
Braeburn had the requisite right to control and thus a duty to warn or make
safe, it did not discharge that duty here.  Thus, I respectfully concur.

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Majority and Concurring Opinions filed November 27, 2007.

Panel consists of
Justices Yates, Seymore, and Edelman.*
(Edelman, J., Majority).









[1]  Braeburn relies on Summers v. Fort Crockett
Hotel, Ltd., 902 S.W.2d 20, 28 (Tex. App.CHouston [1st Dist.] 1995, writ denied), in which the First Court of
Appeals held that Aif there are dangers that are open and obvious of
which an invitee knows or of which it is charged with knowledge, then the
occupier owes the invitee no duty to warn or protect the invitee.@  However, the Summers court relied on Halepeska
v. Callihan Interests, Inc., 371 S.W.2d 368 (Tex. 1963), which the Parker
court explicitly overruled.  See Parker, 565 S.W.2d at 516B17.  Thus, we decline to follow Summers.





*  Senior Justice Richard H. Edelman sitting by
assignment.