Opinion filed March 27, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed March 27,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00026-CV 

                                                    __________

 

                                         LORI TUCKER, Appellant

                                                             V.

                CAJUN
OPERATING COMPANY, INDIVIDUALLY AND

                         D/B/A
CHURCH=S FRIED CHICKEN, Appellee

 



 

                                        On
Appeal from the 142nd District Court

                                                        Midland
County, Texas

                                                Trial
Court Cause No. CV-45441

 



 

                                              M
E M O R A N D U M   O P I N I O N

 Lori
Tucker filed suit against Cajun Operating Company, individually and d/b/a
Church=s Fried Chicken
alleging a premises liability claim for personal injuries she sustained when
she slipped and fell.  The trial court granted Church=s motion for summary judgment and entered a
take-nothing judgment against Tucker.  We affirm. 

                                                  I.
Background Facts








Tucker
alleged that she and her family were eating at Church=s when she slipped and fell.  Tucker alleged
that her fall was caused by a wet and slippery floor and that this condition
constituted a premises defect.  Church=s
filed a combination traditional and no-evidence motion for summary judgment. 
Church=s argued that
it had no liability as a matter of law because Tucker was warned that the floor
was wet and slippery.  The trial court granted Church=s motion without specifying whether it was
granting the no-evidence or traditional motion.

                                                            II. 
Standard of Review

Tucker
argues that a fact question exists on whether she was adequately warned.  We
will apply the well-recognized standards of review for summary judgments. 
No-evidence motions are reviewed under the same standard as a directed
verdict.  King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 750-51 (Tex.
2003).  Accordingly, we review the evidence in the light most favorable to the
nonmovant and disregard all contrary evidence and inferences.  Id.  A
trial court must grant a proper no-evidence motion for summary judgment unless
the nonmovant produces more than a scintilla of probative evidence to raise a genuine
issue of material fact on the challenged element of the claim.  Tex. R. Civ. P. 166a(i).

For
traditional motions, questions of law are reviewed de novo.  St. Paul Ins.
Co. v. Tex. Dep=t
of Transp., 999 S.W.2d 881 (Tex. App.CAustin
1999, pet. denied).  To determine if a fact question exists, we must consider
whether reasonable and fair-minded jurors could differ in their conclusions in
light of all the evidence presented.  Goodyear Tire & Rubber Co. v.
Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  We must consider all the evidence
in the light most favorable to the nonmovant, indulging all reasonable
inferences in favor of the nonmovant, and determine whether the movant proved
that there were no genuine issues of material fact and that it was entitled to
judgment as a matter of law.  City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671 (Tex. 1979). 

                                                         III.
Analysis

A.
Evidence.

Tucker=s brief refers to testimony
from her affidavit.  Church=s
objects to our consideration of that affidavit because it is not in the clerk=s record, although it is in
Tucker=s appendix. 
Church=s objection is
well-taken.  Our review is limited to those matters expressly presented to the
trial court.  Id. at 678.  Tucker=s
affidavit is not in the clerk=s
record, and there is no reference to it in her response to Church=s motion for summary
judgment.   Consequently, we cannot consider it.








B. 
Warning. 

The
parties agree that Tucker was an invitee.  Businesses such as Church=s have a duty of ordinary
care to keep their premises in a reasonably safe condition for invitees.  Corbin
v. Safeway Stores, Inc., 648 S.W.2d 292, 295 (Tex. 1983).  To prevail on a
premises liability claim, Tucker must prove (1) that Church=s had actual or
constructive knowledge of some condition on the premises, (2) that the
condition posed an unreasonable risk of harm, (3) that Church=s did not exercise
reasonable care to reduce or eliminate the risk, and (4) that Church=s failure to use reasonable
care proximately caused her injuries.  Motel 6 G.P., Inc. v. Lopez, 929
S.W.2d 1, 3 (Tex. 1996).  The obligation to reduce or eliminate the risk can be
achieved either by warning or by making the condition safe.  State v.
Williams, 940 S.W.2d 583, 584 (Tex. 1996).  

Tucker
testified in her deposition that Church=s
had a yellow caution sign close to the trash and that she had to walk around
the sign when she entered the restaurant.  Tucker was given a picture of the
restaurant and was asked to place an AS@ in the spot where the sign
had been.  She marked a location that was approximately halfway between the
front door and the counter.  She also testified that she Asaw that sign there and
[she] knew they had just mopped and it was wet.@[1]

Tucker=s testimony establishes as
a matter of law that Church=s
warned her of the dangerous condition.  By warning her, Church=s discharged its duty as a
matter of law.  Bill=s
Dollar Store, Inc. v. Bean, 77 S.W.3d 367, 369 (Tex. App.CHouston [14th Dist.] 2002,
pet. denied).  The trial court, therefore, did not err by granting Church=s motion for summary
judgment.  Tucker=s
sole issue on appeal is overruled.

                                                                     IV.
Holding

            The
judgment of the trial court is affirmed.

 

March 27, 2008                                                                       RICK
STRANGE

Panel consists of:  Wright, C.J.,                                     JUSTICE

McCall, J., and Strange, J.









     [1]We appreciate that
Tucker=s knowledge bears on her own negligence and not Church=s duty.  See Parker v. Highland Park, Inc., 565
S.W.2d 512, 521 (Tex. 1978).  For that reason we have disregarded Tucker=s testimony that she saw her husband slip in the same
area where she subsequently fell.  But we have referenced this one statement
because it confirms that she saw and understood Church=s warning.