Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# OPINION

No. 04-08-00102-CV

Patricia **STRANDBERG**,
Appellant

v.

The **SPECTRUM OFFICE BUILDING**; The Spectrum Building L.L.P; S&H Realty
Management L.L.P., and Daphne Newman,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-CI-06698
Honorable Michael P. Peden, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:       Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Rebecca Simmons, Justice

Delivered and Filed:   June 10, 2009

REVERSED AND REMANDED

In her premises liability suit, Appellant Patricia Strandberg appeals traditional and no-evidence summary judgments granted in favor of Appellees The Spectrum Office Building, The Spectrum Building [of Texas] L.L.P., S&H Realty Management L.L.P., and Daphne Newman (collectively Spectrum). Because Strandberg produced summary judgment evidence that raised a genuine issue of material fact on all the elements of her premises liability claim, we reverse the

judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

## FACTUAL BACKGROUND

Patricia Strandberg leased office space in the Spectrum Office Building from The Spectrum Building of Texas L.L.P. Daphne Newman, of S&H Realty Management, was the on-site manager for the premises. In early 2004, Strandberg reported a dangerous condition to Newman: there was an area of the walkway between the parking garage and the building lobby where the narrow wood strips separating the concrete slabs had rotted away, creating a gap in the walkway which was difficult to see, and one of the adjacent slabs had migrated upward creating a protruding lip. Strandberg asserts Newman repeatedly assured her the walkway would be repaired, but Spectrum neither repaired the hazard nor posted warning signs. On April 29, 2004, Strandberg tripped on the very hazard she previously reported, fell, and injured her right foot, right arm, and both knees.

## PROCEDURAL HISTORY

On April 27, 2006, Strandberg sued Spectrum for negligence based on premises liability. Spectrum moved for a traditional and a no-evidence summary judgment on the grounds that Spectrum owed her no duty because she was a licensee, knew of the hazard, and her knowledge barred her claim as a matter of law. The trial court considered Strandberg's deposition, lease agreement, site photographs, and affidavit before granting Spectrum's traditional and no-evidence motions for summary judgment.

## STANDARD OF REVIEW

A party may move for both traditional and no-evidence summary judgments. *See Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004). We review a trial court's granting of summary

judgment, both traditional and no-evidence, de novo. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). Whether reviewing a traditional or a no-evidence summary judgment, we accept the non-movant's evidence as true and "indulge every reasonable inference and resolve any doubts in the non-movant's favor." *Joe*, 145 S.W.3d at 157; *accord Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

## A. Traditional Summary Judgment

A traditional summary judgment motion may be granted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *accord Tex. Commerce Bank, N.A. v. Grizzle*, 96 S.W.3d 240, 252 (Tex. 2002). "A defendant who conclusively negates at least one of the essential elements of the plaintiff's cause of action is entitled to summary judgment." *Little v. Tex. Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004) (citing *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995)).

## B. No-Evidence Summary Judgment

In contrast, a party is entitled to a no-evidence summary judgment if, "[a]fter adequate time for discovery, . . . there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i); *Fort Worth Osteopathic Hosp., Inc. v. Reese,* 148 S.W.3d 94, 99 (Tex. 2004); *accord Vaughan v. Nielson,* 274 S.W.3d 732, 736 (Tex. App.—San Antonio 2008, no pet.). If the non-movant "brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact," the no-evidence summary judgment motion should be denied. *Vaughan,* 274 S.W.3d at 736; *accord Ford Motor Co. v. Ridgway,* 135 S.W.3d 598, 601 (Tex. 2004). "More

than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997)).

### PREMISES LIABILITY CLAIM

"In a premises liability case, the duty owed to the plaintiff depends on the status of the plaintiff at the time of the incident." *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 675 (Tex. 2004). The plaintiff's status is usually one of three classes: invitee, licensee, or trespasser. *Mellon Mortgage Co. v. Holder*, 5 S.W.3d 654, 655 (Tex. 1999); *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.). An invitee is "one who enters on another's land with the owner's knowledge and for the mutual benefit of both." *Rosas v. Buddie's Food Store*, 518 S.W.2d 534, 536 (Tex. 1975); *accord Holder*, 5 S.W.3d at 671 (O'Neill, J., joined by Phillips, C.J., & Hankinson, J., dissenting). A landlord and her tenants mutually benefit by allowing tenants, and their business invitees, to traverse common areas to access the tenants' leased premises. *See Renfro Drug Co. v. Lewis*, 149 Tex. 507, 521, 235 S.W.2d 609, 618 (1951). It follows that, under some circumstances, a tenant can be an invitee. *See Shell Oil v. Khan*, 138 S.W.3d 288, 296 (Tex. 2004) (quoting RESTATEMENT (SECOND) OF PROP.: LANDLORD & TENANT § 17.3 cmt. a (1977)) (recognizing landlord liability to a tenant for a common area the landlord controls including "the hall . . . and other approaches to the part of the property leased to the tenant as an . . . office"); *Dickinson Arms-REO, L.P. v. Campbell*, 4 S.W.3d 333, 336 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (citing *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 513–15 (Tex. 1978)).

To succeed on a premises liability claim, an invitee must prove the following elements:

(1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (citations omitted). A landlord may owe a tenant a duty of reasonable care if the landlord retained control, including possession, of the part of the premises where the tenant was injured. *See Khan*, 138 S.W.3d at 296; *Johnson County Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex. 1996) (citing *Parker*, 565 S.W.2d at 514–15).

If the tenant knows of the dangerous condition but encounters it nonetheless, the tenant's knowledge raises a question of proportionate responsibility but does not excuse the landlord from liability. *See Parker*, 565 S.W.2d at 515 (citing RESTATEMENT (SECOND) OF TORTS § 360 (1965)) (addressing the effect that the injured person's knowledge of the dangerous condition has on the landlord's liability); *Wilson v. Braeburn Presbyterian Church*, 244 S.W.3d 469, 471 (Tex. App.—Houston [14th Dist.] 2007, pet. filed); *Houston v. Nw. Village Ltd.*, 113 S.W.3d 443, 447 (Tex. App.—Amarillo 2003, no pet.); *see also* RESTATEMENT (SECOND) OF PROP.: LANDLORD & TENANT § 17.3 cmt. f (1977); RESTATEMENT (SECOND) OF TORTS § 360 cmt. b (1965). *Khan* quotes Restatement (Second) of Property: Landlord & Tenant section 17.3 and applies its principles in the court's analysis.

A landlord who leases a part of his property and retains in his own control any other part the tenant is entitled to use as appurtenant to the part leased to him, is subject to liability to his tenant . . . for physical harm caused by a dangerous condition upon that part of the leased property retained in the landlord's control, if the landlord by the exercise of reasonable care could have: (1) discovered the condition and the unreasonable risk involved therein; and (2) made the condition safe.

*Khan*, 138 S.W.3d at 296 n.35 (quoting R<small>ESTATEMENT</small> (S<small>ECOND</small>) <small>OF</small> P<small>ROP</small>.: L<small>ANDLORD</small> &

T<small>ENANT</small> § 17.3 (1977)).  Though *Khan* does not directly quote or cite section 17.3's comment f,

the comment is nevertheless instructive.

> *f. Effect of knowledge of person injured.*  The rule stated in this section may also apply even though the person injured, whether he be the tenant himself or a third person, has knowledge of the existence of the dangerous condition.  His knowledge . . . may cause his recovery to be reduced proportionately in states applying the doctrine of comparative negligence.  But unless the danger is so apparent and so great that it is unreasonable for him to encounter it in view of the purpose of his use, or unless knowing the danger he fails to exercise that caution which a reasonable man would exercise under the same circumstances, the landlord is subject to liability to him notwithstanding his knowledge of the existence of the condition.

R<small>ESTATEMENT</small> (S<small>ECOND</small>) <small>OF</small> P<small>ROP</small>.: L<small>ANDLORD</small> & T<small>ENANT</small> § 17.3 cmt. f (1977)); *accord Wilson*,

244 S.W.3d at 471 (citing *Parker*, 565 S.W.2d at 521); *Houston*, 113 S.W.3d at 447 (citing *State*

*Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992)).  *Parker* applied

a parallel provision under section 360 of the Restatement (Second) of Torts invoking

proportionate responsibility—rather than discharging the lessor's duty—when the lessee knows

of a dangerous condition in an area the lessor controls but nevertheless encounters the risk.

*Parker*, 565 S.W.2d at 515, 521; *see Wilson*, 244 S.W.3d at 471 (citing *Parker* and reiterating

that the tenant's knowledge of the risk does not eliminate the landlord's duty); *Houston*, 113

S.W.3d at 447 (citing *Parker* and noting that summary judgment against Houston in her slip-and-

fall on an icy sidewalk case was not proper despite her "actual knowledge of the dangerous

conditions" because she provided sufficient summary judgment evidence to raise a genuine issue

of material fact as to her status as an invitee).

## A.  Spectrum's Motion for Traditional Summary Judgment

Here, Strandberg alleged Spectrum owed her a duty of care, and Spectrum breached its

duty to her by failing to remedy a known hazard in an area it controlled.  *See Khan*, 138 S.W.3d

at 296 (recognizing a landlord may be liable to a tenant injured by a dangerous condition in a common area over which the landlord retains control and possession including an approach to a leased office); *Posse*, 926 S.W.2d at 285; *Wilson*, 244 S.W.3d at 471.

### 1.  Duty of Care

First, Strandberg asserts Spectrum owed her a duty of care despite her knowledge of the defect because Spectrum knew the walkway's condition, the condition was an unreasonable risk, and Spectrum failed to make the walkway safe.  *See Khan*, 138 S.W.3d at 296; *Parker*, 565 S.W.2d at 515; RESTATEMENT (SECOND) OF PROP.: LANDLORD & TENANT § 17.3 cmt. f (1977) (invoking proportionate responsibility rather than barring a claim when an injured tenant knew of the dangerous condition).  As summary judgment evidence, Strandberg submitted a copy of the lease, site photographs, her deposition testimony, and her affidavit.  The lease agreement, at a minimum, supports an inference that Spectrum controlled the overall premises including the walkway.  Strandberg's deposition testimony that Spectrum added anti-skid strips after pedestrians had slipped on the wet walkway supports not only Spectrum's control and possession, but Spectrum's ability to make the condition safe.  Further, in her affidavit and deposition, Strandberg averred that she told Spectrum of the hazard, thus alerting Spectrum of the dangerous condition and the unreasonable risk involved.  *See Khan*, 138 S.W.3d at 296.

### 2.  Premises Liability Claim

Strandberg also offered evidence for each of the four elements of a premises liability claim.  *See CMH Homes*, 15 S.W.3d at 99.  Strandberg alleged Spectrum had actual knowledge of the condition and that it posed an unreasonable risk of harm because she told Newman of the dangerous condition, and Newman admitted that at least two other individuals had tripped and fallen at the same location.  Strandberg also testified that, despite multiple assurances it would do

so, Spectrum failed to either fix the problem or warn pedestrians of the danger. Thus, according to Strandberg, Spectrum did not exercise reasonable care to reduce or eliminate the risk. Finally, in her deposition testimony and affidavit, Strandberg asserts that she stubbed her toe on the defect in the walkway, fell, and injured her right foot, right arm, and both knees, and that Spectrum's failure to act proximately caused her injuries.

Accepting her evidence as true and indulging every reasonable inference and resolving doubts in her favor, we hold that Strandberg raised a genuine issue of material fact as to whether Spectrum owed her a duty of care as well as on each element of her premises liability claim. *See Joe*, 145 S.W.3d at 157; *Nixon*, 690 S.W.2d at 548–49.

**B.  Spectrum's Motion for a No-Evidence Summary Judgment**

Spectrum also moved for a no-evidence summary judgment asserting that Strandberg failed to offer "any evidence to support her cause of action based on negligence." Spectrum specifically alleged that Strandberg could not show it owed her a duty, that it breached that duty, and that its breach was the proximate cause of her injuries. To defeat Spectrum's no-evidence motion, Strandberg had to produce summary judgment evidence raising a genuine issue of material fact on the elements Spectrum challenged. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (per curiam) (citing TEX. R. CIV. P. 166a(i)).

As discussed above, Strandberg produced summary judgment evidence that Spectrum owed her a duty of reasonable care. To support her assertion that Spectrum owed her a duty, Strandberg offered her lease, site photographs, testimony, and affidavit. *See Khan*, 138 S.W.3d at 296. Strandberg's evidence provided that she was Spectrum's tenant, had told Newman about the dangerous condition in a common area Spectrum controlled, and that she was injured when she tripped on the condition Spectrum failed to make safe. *See id.*; *Posse*, 926 S.W.2d at 286–

87.    With regard to Spectrum's breach of its duty, Strandberg relied on her testimony that Spectrum failed to repair or warn of the dangerous condition.  Likewise, Strandberg provided more than a scintilla of probative evidence on all four of the premises liability claim elements. *See CMH Homes*, 15 S.W.3d at 99.  She offered summary judgment evidence that Spectrum knew of the dangerous condition, knew others had fallen because of the condition, and failed to reduce or eliminate the risk.  Finally, Strandberg testified that she tripped on the very hazard she had previously reported to Spectrum, and as a result of her fall, incurred injuries, medical expenses, and lost income.  Accepting her evidence as true, and indulging every reasonable inference and resolving doubts in her favor, we hold that Strandberg produced more than a scintilla of probative summary judgment evidence that raised a genuine issue of material fact on Spectrum's duty to her and on each element of her premises liability claim.  *See King Ranch*, 118 S.W.3d at 751.

## CONCLUSION

Having decided that Strandberg produced summary judgment evidence that raised a genuine issue of material fact on Spectrum's duty to her and on each element of her premises liability claim, we reverse the trial court's judgment granting traditional and no-evidence summary judgments and remand this case for further proceedings consistent with this opinion.

Rebecca Simmons, Justice