**Reversed and Remanded and Majority and Dissenting Opinions filed July 30, 2013.**

In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00995-CV

---

## CHRISTOPHER NORMAN, Appellant

### V.

## CHRISTOPHER HENKEL AND LISA HENKEL, Appellees

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1005041**

---

## M A J O R I T Y   O P I N I O N

The trial court granted summary judgment in favor of appellees Christopher and Lisa Henkel on appellant Christopher Norman's claims against them for premises liability, negligence, and gross negligence arising from injuries Norman alleges he sustained when he slipped on ice accumulated on the walkway of Henkel's home. We reverse and remand.

I

January 9, 2010, was an unusually cold day in Houston; temperatures were

below freezing, and there was a hard-freeze warning in effect until the following day. Norman is a mail carrier whose walking route included the Henkels' neighborhood, where the homes have mail slots in the front doors. When Norman got to the Henkels' house that morning, he gave the mail directly to Lisa, who was standing at the front door. Lisa contends she cautioned Norman to be careful and specifically mentioned the icy conditions. Norman contends that Lisa never said anything to him about ice anywhere on her premises and he saw no ice on the property as he approached to deliver the mail. Norman agrees that Lisa said, "[D]on't slip," after he gave her the mail. As Norman walked away, he slipped and fell on a patch of ice on the Henkels' walkway.

Norman sued the Henkels for premises liability, negligence, and gross negligence, seeking damages for the injuries he sustained in the fall. The Henkels moved for a traditional summary judgment, arguing that they were entitled to judgment as a matter of law because "all evidence presented by either side shows Defendant Lisa Henkel explicitly warned Plaintiff regarding potentially icy conditions just seconds before he fell." The trial court granted the motion and rendered a take-nothing judgment against Norman. This appeal followed.

II

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a traditional summary-judgment motion, the movant bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Joe v. Two Thirty Nine Venture*, 145 S.W.3d 150, 157 (Tex. 2004). A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). To be entitled to traditional summary judgment, a defendant must

2

conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Am. Tobacco Co. v. Grinnell, Inc.*, 951 S.W.2d 420, 425 (Tex. 1997). Once the defendant establishes its right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact that defeats summary judgment. *Transcon. Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 691 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

As a part of our standard of review, we examine the summary judgment record, indulging every reasonable inference in favor of the non-movant, resolving any doubts arising from the evidence in his favor, and taking as true all evidence favorable to him. *Malcomson Rd. Util. Dist. v. Newsom*, 171 S.W.3d 257, 263 (Tex. App.—Houston [1st Dist.] 2005, pet. denied).

Premises liability is a special form of negligence where the duty owed to the plaintiff depends on the plaintiff's status at the time of the incident. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). In this case, it is undisputed that Norman was an invitee. Thus, the Henkels owed him a duty "to exercise reasonable care to protect against danger from a condition that creates an unreasonable risk of harm of which the owner or occupier knew or by the exercise of reasonable care would discover." *Scott and White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010) (quoting *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000)). This duty is discharged if the property owner either warned the invitee of the condition or made the condition reasonably safe. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 771 (Tex. 2010); *Bill's Dollar Store, Inc. v. Bean*, 77 S.W.3d 367, 369 (Tex. App.— Houston [14th Dist.] 2002, pet. denied). In other words, if the evidence conclusively establishes that the property owner adequately warned the invitee of the condition, the property owner cannot be found liable as a matter of law.

III

In his first issue, Norman argues the trial court erred by granting the Henkels' motion for summary judgment because there was a genuine issue of material fact as to the adequacy of Lisa's warning.[1]

Resolving any doubts from the evidence in Norman's favor, we assume that Lisa said, "Don't slip." We also credit Norman's testimony that Lisa did not say anything about ice on her walkway, that he did not see ice on the walkway, and had not encountered ice during his walking route. The only reasonable inference that arises from this evidence is that Lisa possessed information about a condition on her premises that Norman did not possess.

The parties join issue over whether Lisa's statement, "Don't slip," was too general to constitute an adequate warning as a matter of law. Norman contends, because the statement did not provide "sufficient information to determine what the danger is, where the danger is, what steps might be taken to avoid the danger, or even whether the danger is such that the recipient should choose not to enter the premises." The Henkels argue that the statement is sufficiently specific because slipping is "the specific hazard to which [Norman] succumbed."

We agree with the Henkels that Lisa did not need to instruct Norman regarding *how* to avoid the dangerous condition on her property. We observed in 2002 that "[w]e have found no case that requires the owner or occupier to also explain how an invitee can avoid the condition of which she has been warned." *Bill's Dollar Store*,

---

[1] In his brief, Norman breaks down his first issue and argues the trial court erred by: (1) improperly applying the standard for summary judgment; (2) determining Lisa's warning was adequate to warn Norman of ice on her walkway; (3) determining Lisa's warning was sufficient to satisfy the purpose for requiring an adequate warning in premises-liability claims; (4) determining whether a warning is adequate is not a material question of fact; and (5) eliminating the requirement that a warning be adequate. But because the substance of these arguments generally overlaps, we address them together.

4

77 S.W.3d at 370. However, we have also held unequivocally that the owner or occupier must warn the invitee "of unreasonable risks of harm either known to the owner or which would be known to him by reasonable inspection or by making the premises reasonably safe." *Pipkin v. Kroger Texas, L.P.* 383 S.W.3d 655, 672 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (citing *Bill's Dollar Store*, 77 S.W. 3d at 369). The owner or occupier's warning must be directed to the dangerous condition. *See TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 765 (Tex. 2009).

We agree with Norman that the warning Lisa provided is akin to the warning rejected by the Waco Court of Appeals in *State v. McBride*, 601 S.W.2d 552, 557 (Tex. App.—Waco 1980, writ ref'd n.r.e.) (holding that although the State had placed cones, a barricade, a "SLOW" sign, and a "35 MPH" sign around a slippery area of the road, "the State furnished no warning whatever of the dangerous condition to which [McBride] was subjected, to wit, the slick and muddy condition where the accident occurred"). A general instruction not to slip or trip or fall is not conclusive evidence of a warning, let alone an adequate warning. *See, e.g.*, *Perry*, 278 S.W.3d at 765. In *Perry*, the Texas Supreme Court stated,

> A "be careful" warning might be *some* evidence that the premises owner was not negligent, but it is not conclusive in a situation such as this where the posted speed-limit sign was only a general instruction; it neither informed the driver of road hazards generally, nor did it identify the particular hazard [potholes] that TXI now says it was meant to warn against.

*Id.*

The Henkels counter this authority with an attempt to characterize the condition as a slipping hazard. The Henkels cite no case supporting such a general definition of "the condition" in a premises liability case. Texas Supreme Court authority has never supported such a general definition of "the condition." *See, e.g.*,

5

*Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006) (holding in a "slipping" case that the unreasonably dangerous condition was the ice on the floor); *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 297–98 (Tex. 1983) (holding that the "slipping" condition was the self-serve grape bin); *Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539, 541 (Tex. 1976) (noting that the "slipping" condition in grocery store injuries is usually the food item on the proprietor's floor). Slipping is not "the condition." The condition in this case is ice on the walkway.

Moreover, the Henkels make no effort to explain how a holding by this court that "Don't slip" is an adequate warning of every slippery condition that could be found on a premises or how such a holding could be limited to a personal residence. If this court determines that Lisa's "Don't slip" warning provides not only a warning about the condition of her walkway, but also an adequate warning of ice on that walkway—as a matter of law—every owner or occupier of land may post a sign "Don't slip" at the entrance of the premises and discharge its duty of all slipping conditions on or within the premises as a matter of law. This is not Texas law.

We sustain Norman's first issue, and we need not address his alternate issues. Having sustained Norman's first issue, we reverse the trial court's judgment and remand the case to the trial court for proceedings consistent with this opinion.


/s/     Sharon McCally
        Justice


Panel consists of Justices Brown, Christopher, and McCally. (Brown, J., Dissenting).