

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00070-CV

Osbaldo Hurtado **AVALOS** and Antonio Hurtado, as Assignees of Karla Flores Guevara,
Appellants

v.

**LOYA INSURANCE COMPANY**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2016CVT001431 D2
Honorable Monica Z. Notzon, Judge Presiding

Opinion by:     Marialyn Barnard, Justice
Concurring Opinion by: Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  July 25, 2018

REVERSED AND REMANDED

Appellants, Osbaldo Hurtado Avalos and Antonio Hurtado, as Assignees of Karla Flores Guevara (collectively, "the Hurtados"), appeal from a summary judgment in favor of appellee, Loya Insurance Company, on their claims for negligence, breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). On appeal, the Hurtados argue the trial court improperly granted summary judgment in favor of Loya Insurance Company because: (1) under the eight-corners rule, it had a duty to defend its insured, Guevara, as a matter of law; (2) its request for declaratory relief was moot; and (3) it failed

to specify which elements of the Hurtados' causes of action were not supported by evidence. Because we hold Loya Insurance Company had a duty to defend Guevara under the eight-corners rule, we reverse the judgment of the trial court and remand the cause to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

This case arises out of a car accident between the Hurtados and Guevara's husband, Rodolfo Flores. On the day of the accident, Flores was moving Guevara's car outside of their home when he collided with the Hurtados' vehicle. Although Guevara was insured by Loya Insurance Company, the policy contained a named driver exclusion for Flores. The record reflects that Guevara, Flores, and the Hurtados reported to the police and insurance company that Guevara — not Flores — was driving the vehicle at the time of the accident.

The Hurtados then pursued an insurance claim against Guevara, ultimately filing a negligence suit against her in the 49th District Court of Webb County. In their petition, the Hurtados alleged Guevara negligently operated her vehicle and her negligence was the proximate cause of their injuries. Counsel appointed by Loya Insurance Company to represent Guevara (hereinafter, "Guevara's counsel") filed an answer on behalf of Guevara.

During the early course of the discovery process, Guevara identified herself as the driver of the vehicle at the time of the accident. However, according to Loya Insurance Company, it learned Guevara was not the driver at the time of the accident; rather, Flores was. Accordingly, Guevara's counsel cancelled Guevara's deposition and, on that same day, a Loya Insurance Company claim representative sent a letter to the Hurtados, denying coverage for their loss pursuant to the driver exclusion provision in Guevara's policy. The letter identified Flores as the driver of the vehicle at the time of the accident. A month later, Guevara's counsel withdrew from its representation of Guevara. A judgment was ultimately rendered against Guevara for

$450,343.34, which constituted damages for the Hurtados' past medical expenses, "other" damages, prejudgment interest, and costs.

The Hurtados, as assignees of Guevara, filed suit against Loya Insurance Company, alleging negligence, breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act ("DTPA"). According to the Hurtados, Loya Insurance Company had a duty to defend Guevara in the negligence suit they had filed against her, and Loya Insurance Company breached its duty when the counsel it appointed to represent Guevara withdrew. In response, Loya Insurance Company answered and counterclaimed, asserting claims for breach of contract and fraud. Loya Insurance Company also sought declaratory relief, seeking a declaration that it had no duty to defend Guevara in the negligence suit filed by the Hurtados and Guevara was not covered for the car accident involving Flores and the Hurtados due to the driver exclusion provision.

Thereafter, Loya Insurance Company filed traditional and no-evidence motions for summary judgment on the following grounds: (1) as a matter of law it had no duty to defend or cover Guevara with regard to the negligence suit filed against her by the Hurtados because Flores, an excluded driver, was driving the vehicle involved in the underlying car accident; and (2) there was no evidence it had a duty to defend Guevara or that Guevara was covered, and therefore, there was no evidence as to any of the claims asserted by the Hurtados.

In support of its motion, Loya Insurance Company attached portions of Guevara's deposition testimony, which was taken in the suit brought by the Hurtados against Loya Insurance Company. In that deposition, Guevara admitted Flores was driving her car at the time of the accident. She also testified she did not tell anyone from Loya Insurance Company that Flores was driving the car until "right before [her] deposition was to begin."

The Hurtados filed a response to the summary judgment motions filed by Loya Insurance Company. In their response to the no evidence motion, the Hurtados argued Loya Insurance Company's no-evidence summary judgment motion was premature because an adequate time for discovery had not yet elapsed. The Hurtados also filed a competing traditional motion for summary judgment. With regard to their competing motion for summary judgment, the Hurtados argued Loya Insurance Company's request for a declaration that it owed no duty to defend Guevara in their negligence suit was moot and Loya Insurance Company owed Guevara a duty to defend as a matter of law. In support of their traditional motion, the Hurtados submitted: (1) copies of portions of Guevara's deposition taken in the suit brought by the Hurtados against Loya Insurance Company; (2) the original petition and final judgment in their negligence suit against Guevara; (3) Guevara's insurance declaration page from Loya Insurance Company; (4) portions of written discovery provided by Guevara and Mr. Hurtado; (5) the police accident report from the underlying car accident; (6) and the letter from Loya Insurance Company to the Hurtados denying coverage for their claim. Loya Insurance Company filed objections to portions of the Hurtados' summary judgment evidence, and the trial court ultimately struck the written discovery provided by Guevara and Mr. Hurtado, as well as the police accident report. Thereafter, summary judgment was granted in favor of Loya Insurance Company, and the Hurtados perfected this appeal.

**ANALYSIS**

On appeal, the Hurtados contend the trial court improperly granted summary judgment in favor of Loya Insurance Company. According to the Hurtados, summary judgment was improper because Loya Insurance Company had a duty to defend its insured, Guevara, as a matter of law based on the face of the pleadings and the terms of the insurance policy. The Hurtados also contend summary judgment was improper because Loya Insurance Company's request for declaratory relief — that it owed no duty to defend Guevara — was moot because at the time of its request, it

no longer provided coverage to Guevara. Finally, the Hurtados assert the trial court erred in granting a no evidence summary judgment in favor of Loya Insurance Company because Loya Insurance Company failed to specify which elements of the Hurtados' causes of action were not supported by any evidence.

### *Standard of Review*

When reviewing traditional and no evidence summary judgments, we perform a de novo review of the entire record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant. *See Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 738 (Tex. App.—San Antonio 2009, no pet.). When conducting our review, we are not required to ascertain the credibility of summary judgment affiants nor are we required to determine the weight of evidence in the affidavits, depositions, exhibits and other summary judgment proof. *Palestine Herald–Press Co. v. Zimmer*, 257 S.W.3d 504, 508 (Tex. App.–Tyler 2008, pet. denied) (citing *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 932 (1952)); *McCullough v. Godwin*, 214 S.W.3d 793 (Tex. App.—Tyler 2007, no pet.).

To prevail on a traditional motion for summary judgment, the movant must show that it is entitled to judgment as a matter of law and no genuine issue of material fact exists. TEX. R. CIV. P. 166a(c); *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). A defendant who conclusively negates at least one essential element of the nonmovant's cause of action is entitled to summary judgment as to that cause of action. *Little v. Texas Dep't of Criminal Justice*, 148 S.W.3d 374, 386 (Tex. 2004); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.3d 640, 644 (Tex. 1995). Once the movant has established its right to summary judgment, the nonmovant bears the burden of responding to

the motion and producing evidence, raising a genuine issue of material fact. *In re Estate of Flores*, 76 S.W.3d 624, 629 (Tex. App.—Corpus Christi-Edinburg 2002, no pet.).

A no evidence motion for summary judgment is essentially a motion for a pretrial directed verdict, in which case we apply the same legal sufficiency standard as we apply when reviewing a directed verdict. *See* TEX. R. CIV. P. 166a(i); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003); *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). We review the evidence in the light most favorable to the nonmovant, "crediting evidence favorable to [the nonmovant] if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *King Ranch*, 118 S.W.3d at 751. Once a no evidence motion has been filed, the burden shifts to the nonmovant to bring forth more than a scintilla of evidence that raises a genuine issue of material fact. *Neurodiagnostic Tex, L.L.C. v. Pierce*, 506 S.W.3d 153, 162 (Tex. App.—Tyler 2016, no pet.) A no evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *Id.* "More than a scintilla of evidence exists when the evidence would enable reasonable and fair-minded people to reach different conclusions." *All Am. Tel., Inc. v. USLD Commc'ns*, 291 S.W.3d 518, 526 (Tex. App.—Fort Worth 2009, pet. denied). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact, and the legal effect is that there is no evidence. *Neurodiagnostic Tex, L.L.C.*, 506 S.W.3d at 162.

Lastly, when a party moves for both a traditional and a no-evidence summary judgment, we generally review the trial court's summary judgment under the no-evidence standard. *Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 600 (Tex. 2004); *Neurodiagnostic Tex, L.L.C.*, 506

S.W.3d at 163.  This is because if the non-movant fails to meet its burden to produce more than a scintilla of evidence as to any challenged element, then we need not analyze whether the movant satisfied its burden to prove its entitlement to judgment as a matter of law by producing evidence of same.  *Ford Motor Co.*, 135 S.W.3d at 600; *Neurodiagnostic Tex, L.L.C.*, 506 S.W.3d at 163.  However, this rule is not absolute.  *Neurodiagnostic Tex, L.L.C*, 506 S.W.3d at 163.  Because our disposition of whether Loya Insurance Company owed Guevara a duty to defend is dispositive of this cause, we will consider the traditional motion for summary judgment first.  *See id.*

### Duty to Defend

As indicated above, the Hurtados argue the trial court erred in granting summary judgment in favor of Loya Insurance Company because as a matter of law Loya Insurance Company had a duty to defend Guevara in the negligence suit they filed.  This argument is based on the eight-corners rule.  The Hurtados assert that under the eight-corners rule, an insurance company's duty to defend its insured in a lawsuit is determined by looking to the allegations contained in the petition and the terms of the insurance company's policy.  According to the Hurtados, because they alleged Guevara was negligently operating her vehicle in the underlying car accident and she is covered by the insurance policy, Loya Insurance Company had a duty to defend Guevara in the negligence suit the Hurtados filed against her.

Loya Insurance Company argues, however, it did not owe a duty to defend Guevara in the negligence suit filed against her.  According to Loya Insurance Company, its duty to defend did not arise because Guevara breached the insurance policy prior to the filing of the Hurtados' negligence suit against her.  Loya Insurance Company contends that Guevara breached the policy by falsely representing to the police and insurance company that she was driving the car in the accident.

*Applicable Law*

To determine whether an insurer has a duty to defend, Texas courts follow the "eight-corners rule." *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596 (5th Cir. 2006); *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654 (Tex. 2009); *Zurich Am. Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 497 (Tex. 2008); *GuideOne Elite Ins. Co. v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308 (Tex. 2006). The rule takes its name from the fact that only two documents – the insurance policy and pleadings – are relevant to the determination of the duty to defend. *Graham*, 473 F.3d at 600; *GuideOne Elite Ins. Co.*, 197 S.W.3d at 308. Under the eight-corners rule, "an insurer's duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *Nokia*, 268 S.W.3d at 490 (quoting *GuideOne Elite Ins. Co.*, 197 S.W.3d at 308); *see Graham*, 473 F.3d at 596; *Pine Oak Builders, Inc.*, 279 S.W.3d at 654.

When applying the eight-corners rule, we resolve all doubts regarding the duty to defend in favor of the existence of a duty and liberally construe the allegations in the petition in favor of the insured. *Nokia*, 268 S.W.3d at 491; *GuideOne Elite Ins. Co.*, 197 S.W.3d at 308. Even if the allegations in the petition are groundless, false, or fraudulent, an insurer is obligated to defend. *Nokia*, 268 S.W.3d at 491 (quoting 14 COUCH ON INSURANCE § 200:19). The duty to defend is not affected by facts that may be ascertained before suit or developed during the course of ligation. *Id.* Thus, facts outside the pleadings are not material to the determination of the duty to defend *even if those facts directly contradict the allegations in the underlying petition. Pine Oak Builders, Inc.*, 279 S.W.3d at 655-56; *GuideOne Elite Ins. Co.*, 197 S.W.3d at 308.

Although the Texas Supreme Court has recognized that some courts have adopted exceptions to the eight-corners rule, it has declined to do so. *See Graham*, 473 F.3d at 601; *Pine Oak Builders, Inc.*, 279 S.W.3d at 654; *Nokia, Inc.*, 268 S.W.3d at 497; *GuideOne Elite Ins.*, 197

S.W.3d at 308-09. The Fifth Circuit observed that if the Texas Supreme Court were to recognize an exception, it would only occur in a "narrow circumstance where 'it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage in the truth or falsity of any facts alleged in the underlying case.'" *Graham*, 473 F.3d at 601-02 (quoting *GuideOne Elite Ins.*, 197 S.W.3d at 308-09). In other words, the narrow exception would permit the use of extrinsic evidence only in cases where it was relevant to an independent and discrete coverage issue, but did not touch on the merits of the underlying claim. *Pine Oak Builders, Inc.*, 279 S.W.3d at 655; *GuideOne Elite Ins.*, 197 S.W.3d at 310. Notwithstanding the forgoing, the Texas Supreme Court has made it clear that if the extrinsic evidence directly contradicts the allegations in the underlying petition, then it will not be considered when determining whether an insurance provider has a duty to defend. *Pine Oak Builders, Inc.*, 279 S.W.3d at 655; *GuideOne Elite Ins.*, 197 S.W.3d at 310.

### *Application*

With these legal principles in mind, we turn to the Hurtados' pleadings in the negligence suit against Guevara and the terms of the insurance policy provided to Guevara by Loya Insurance Company. It is undisputed that Guevara is a named insured under the insurance policy provided by Loya Insurance Company, and the policy provides coverage to Guevara for any of the vehicles, including the car involved in the accident, listed on the policy. It is also undisputed that Flores is named as an excluded driver in the policy. In their petition, the Hurtados alleged that on the day of the accident, Guevara was operating her vehicle negligently, and she had a duty to exercise ordinary care and operate her vehicle in a reasonable and prudent matter. The Hurtados further alleged Guevara breached that duty when she failed to make a proper turn, failed to maintain a proper lookout, failed to timely apply her brakes, and failed to turn her vehicle in order to avoid

the collision. The Hurtados also alleged that as a result of her negligence, she proximately caused the Hurtados' injuries.

Nowhere in the petition did the Hurtados allege that Flores negligently operated the vehicle involved in the underlying car accident. Loya Insurance Company, however, urges us to consider portions of Guevara's deposition that was taken in the suit brought by the Hurtados against it and submitted in support of its summary judgment motion. In that deposition, Guevara admitted she was not driving the vehicle at the time of the accident, but rather her husband, Flores, was driving the vehicle. However, under the eight-corners rule, we may not consider such extrinsic evidence as it directly contradicts the Hurtados' allegations that Guevara was driving. *See Pine Oak Builders, Inc.*, 279 S.W.3d at 655 ("In deciding the duty to defend, the court should not consider extrinsic evidence from either the insurer or the insured that contradicts the allegations of the underlying petition."); *GuideOne Elite Ins.*, 197 S.W.3d at 310 (declining to consider extrinsic evidence regarding whether individual was employed during insured's coverage period because such evidence directly contradicted allegations that individual was employed by insured).

Even if we consider the potential narrow exception to the eight-corners rule described by the Texas Supreme Court, the facts of this case do not fall within it. *See Graham*, 473 F.3d at 601-02; *Pine Oak Builders, Inc.*, 279 S.W.3d at 655; *GuideOne Elite Ins.*, 197 S.W.3d at 310. Here, the deposition testimony upon which Loya Insurance Company relies does not strictly go to the question of coverage. *See Pine Oak Builders, Inc.*, 279 S.W.3d at 655 (describing narrow exception as one that would permit use of extrinsic evidence only when relevant to independent and discrete coverage issue); *GuideOne Elite Ins.*, 197 S.W.3d at 310 (recognizing exception would be limited to circumstances involving "pure coverage questions"). Rather, the deposition testimony directly contradicts the allegations in the Hurtados' pleading — that Guevara negligently operated the vehicle — which is material to the merits of their negligence claim. *See*

*Pine Oak Builders, Inc.*, 279 S.W.3d at 655; *GuideOne Elite Ins.*, 197 S.W.3d at 310. Accordingly, and as logically contrary as it may seem, we hold that under the eight-corners rule, it was the duty of Loya Insurance Company to defend Guevara against allegations that she negligently operated the vehicle even if the allegations were false or fraudulent. *See Graham*, 473 F.3d at 596; *Pine Oak Builders, Inc.*, 279 S.W.3d at 654; *Nokia*, 268 S.W.3d at 490; *GuideOne Elite Ins. Co*., 197 S.W.3d at 308.

Loya Insurance Company argues Guevara's deposition testimony — that Flores was the driver of the vehicle — should be considered because it establishes Guevara materially breached the policy by falsely reporting she was the driver; and therefore, it had no duty to defend or provide coverage to her. We disagree. As pointed out by the Texas Supreme Court, "[a] defense of third-party claims provided by the insurer is a valuable benefit granted to the insured by the policy." *Pine Oak Builders, Inc.*, 279 S.W.3d at 656. Thus, if Loya Insurance Company knew the allegations asserted by the Hurtados to be untrue, then it had a duty to establish such facts in defense of Guevara in the underlying negligence suit filed against her by the Hurtados. *See GuideOne Elite Ins. Co*., 197 S.W.3d at 311.

Therefore, we hold that under the eight-corners rule, we may not consider Guevara's deposition testimony that was attached to Loya Insurance Company's motion for summary judgment. We further hold Loya Insurance Company has failed to establish as a matter of law that it had no duty to defend or provide coverage to Guevara, and based on the Hurtados' petition, which alleges Guevara was negligently operating the vehicle and the insurance policy, there was some evidence that Loya Insurance Company owed a duty to defend Guevara in the negligence suit. Accordingly, we hold the trial court erred in granting summary judgment in favor of Loya Insurance Company. Given our disposition, we need not consider the Hurtados' other issues.

**CONCLUSION**

Based on the foregoing, we hold that under the eight-corners rule, we may not consider Guevara's deposition testimony that Flores was driving the vehicle in the underlying car accident. Accordingly, we hold the trial court erred in granting summary judgment in favor of Loya Insurance Company. We therefore reverse the summary judgment and remand the cause to the trial court for further proceedings consistent with this court's opinion.

Marialyn Barnard, Justice