

# NUMBER 13-17-00099-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANTHONY W. SPENCER,                                                    Appellant,

v.

CORPUS CHRISTI REGIONAL
TRANSIT AUTHORITY,                                                     Appellee.

### On appeal from the County Court at Law No. 5
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

By three issues, which we construe as two, pro se appellant Anthony Spencer

challenges the trial court's granting of appellee Corpus Christi Regional Transit Authority's

(CCRTA) motion for summary judgment. Spencer argues that the trial court erred in

granting CCRTA's motion to strike evidence and motion for summary judgment. We

affirm.

## I. BACKGROUND

Spencer alleged his injury took place on September 11, 2014, while attempting to board a CCRTA bus. Spencer stated he arrived at the Staples Street bus stop to catch a bus to a local college. He claims that he approached the bus, which had its doors closed,[1] knocked on the door of the bus, and the driver looked at him. Spencer explained that he saw the driver shake his head back and forth, which he took to mean no admittance. Spencer claimed that the bus began moving out of its parking spot while he was still knocking on the door of the bus. He saw the driver look at his side-view mirrors and begin pulling forward. Spencer followed the bus, walking alongside of it. He claimed that as the bus driver pulled forward, his left big toe was run over. Spencer agreed that at the time the injury occurred, he had stepped into the street, but when he normally boards the bus, it is from the curb. Spencer also indicated that he did not realize he had been injured at the time; he noticed pain later. Spencer went to the emergency room and was diagnosed with a contusion. He stated he spoke to police officers at the hospital, but no report was generated. Spencer later went to the local police department and reported the incident. CCRTA was not notified until Spencer filed his suit.

Spencer originally filed his petition for negligence in small claims court alleging he had been injured by one of CCRTA's employees while trying to gain access to one of CCRTA's buses. Spencer sought $10,000 in damages. Spencer's small claims case was dismissed, and he appealed to the county court.

---

[1] The facts of this case were taken from Spencer's deposition testimony, which was filed as part of the clerk's record in this case.

After conducting discovery and taking Spencer's deposition, CCRTA filed a no-evidence motion for summary judgment.  In December 2016, in response to CCRTA's motion for summary judgment, Spencer disclosed, for the first time, the existence of audio recordings taken at the time of the incident and hospital afterwards.  The trial court granted CCRTA's motion for continuance, directing Spencer to produce the audio recordings to CCRTA's counsel.  In January 2017, the trial court heard arguments on CCRTA's motion to strike the recordings, which Spencer never produced.   The trial court granted CCRTA's motion to strike and, subsequently, its motion for summary judgment. This appeal followed.

## II.    MOTION TO STRIKE AUDIO RECORDINGS

By his first issue, Spencer alleges the trial court committed reversible error by striking the audio recordings.[2]

### A.    Standard of Review

We apply an abuse of discretion standard to the question of whether a district court erred in making an evidentiary ruling.   *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995).  We may reverse a trial court under this standard only when we find that "the court acted in an unreasonable or arbitrary manner," *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991), or "without regard for any guiding rules or principles."   *Owens–Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998) (quoting *Alvarado*, 897 S.W.2d at 754).

When seeking to reverse a judgment based on an improper evidentiary ruling, a

---

[2]   Spencer claims that the trial court's granting of CCRTA's motion to strike was unwarranted and excessive.   He alludes to the striking as a death penalty sanction.

3

complaining party "need not prove that but for the error a different judgment would necessarily have been rendered, but only that the error probably resulted in an improper judgment." *Alvarado*, 897 S.W.2d at 753; *Malone*, 972 S.W.2d at 43. To prevail, the party must demonstrate that "the judgment turns on the particular evidence excluded or admitted." *Alvarado*, 897 S.W.2d at 753–54. We review the entire record to determine whether a party has met this burden. *Id.* at 754. If any legitimate basis exists to support a district court's evidentiary ruling, we must uphold the court's decision. *Malone*, 972 S.W.2d at 43; *State Bar v. Evans*, 774 S.W.2d 656, 658 n.5 (Tex. 1989) (citing *McCormick on Evidence* § 52, at 131 (3d ed.1984)).

## B.    Applicable Law and Discussion

Spencer claims the trial court erred in striking the following three audio recordings he made on the day of the accident: (1) attempting to board the CCRTA bus; (2) relaying what had occurred to two Corpus Christi Police officers; and (3) relaying what had occurred to the treating physician at the emergency room. CCRTA counters that the trial court did not err in striking the recordings because Spencer never produced the recordings to its counsel as directed by the trial court and because the recordings were cumulative of testimony presented in Spencer's deposition.

During a hearing before the trial court in December 2016, CCRTA asked for a continuance to give Spencer time to comply with discovery by producing the audio recordings. CCRTA stated that it was not aware of the existence of the audio recordings until Spencer filed his response to the motion for summary judgment. CCRTA explained that the recordings could help it determine who the bus operator had been because prior

4

to that, it was only given a large window of time with multiple drivers working. Spencer said that he had filed the audio recordings with the trial court clerk and that he could make a duplicate from the original. *See* TEX. R. CIV. PROC. 191.1, 194.4. The trial court ordered Spencer to produce a copy of the audio recordings to CCRTA. *See id.* 196.3.

In late January 2017, Spencer had not produced the audio recordings to CCRTA. During a hearing, CCRTA testified that although it spoke with Spencer, he had not complied with the trial court's order, and it requested the trial court to strike the audio recordings. Spencer responded by stating that he was unable to travel to the courthouse to make a duplicate of the audio recordings due to his socioeconomic status and had asked CCRTA's counsel to go to the courthouse and make a copy of the audio recordings in the court's file. The trial court granted CCRTA's request and struck the audio recordings "based on the failure to turn it over properly in discovery, as well as after the hearing on the 23rd [of December]."

Reviewing the record as a whole, we conclude that the trial court did not abuse its discretion by excluding the challenged evidence. *See City of Brownsville*, 897 S.W.3d at 754. The trial court did not act in an unreasonable manner when it did not allow Spencer additional time to comply with CCRTA's discovery request. *See Beaumont Bank, N.A.*, 806 S.W.2d at 226. Additionally, Spencer does not show that the judgment turns on the particular evidence excluded or not admitted. *See Alvarado*, 897 S.W.2d at 753–54. As CCRTA points out, the evidence was cumulative of what Spencer testified to during his deposition and of information found in the incident reports and medical records presented as exhibits. We overrule Spencer's first issue.

5

### III. SUMMARY JUDGMENT WAS PROPER

By his second issue, Spencer alleges the trial court committed error by granting CCRTA's motion for summary judgment.

### A. Standard of Review

A no-evidence summary judgment motion under rule 166(a) is essentially a motion for a pretrial directed verdict; it requires the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in a motion. *Timpte Industries, Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009); *see* TEX. R. CIV. P. 166(a). A genuine issue of material fact is raised if the non-movant produces more than a scintilla of evidence regarding the challenged element. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

We review a no-evidence summary judgment using a legal sufficiency standard. *Id.* When reviewing a no-evidence summary judgment, we "review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not." *Timpte*, 286 S.W.3d at 310 (quoting *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006)). "[W]e accept the non-movant's evidence as true and 'indulge every reasonable inference and resolve any doubt in the non-movant's favor.'" *Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 738 (Tex. App.—San Antonio 2009, no pet.) (quoting *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004)).

## B. Applicable Law and Discussion

Rule 166(a) states:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

TEX. R. CIV. P. 166(a). To prevail on his negligence claim, Spencer must establish the existence of a duty, a breach of that duty, and damages proximately caused by the breach. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). Proximate cause has two elements: cause in fact and foreseeability. *Id.* at 551. "These elements cannot be established by mere conjecture, guess, or speculation." *Id.* (quoting *Doe v. Boys Club of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995)). The test for cause in fact is whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred. *Id.* If the defendant's negligence merely furnished a condition that made the injuries possible, there can be no cause in fact. *Id.*

Spencer attempts to rely on his deposition testimony, a photograph, an incident report he filed, and the audio recordings to establish that CCRTA owed him a higher standard of care because it operates as a common carrier and breached its duty to him.[3] Spencer argues that because he was at a CCRTA bus station and attempting to board a bus, CCRTA owed him a higher duty of care, similar to that of passengers on the bus.

The Texas Supreme Court has defined "common carriers" as "those in

---

[3] Any duty owed to Spencer as a pedestrian was not raised in the trial court or in his appellate brief, and is, therefore, waived. *See* TEX. R. APP. P. 33.1.

7

the business of carrying passengers and goods who hold themselves out for hire by the public" and that common carriers are "held to a higher standard of care when transporting passengers." *Speed Boat Leasing, Inc. v. Elmer*, 124 S.W.3d 210, 212 (Tex. 2003). "The general rule is that one becomes a passenger when he enters upon the premises of the carrier […] with the intention, in good faith, of becoming a passenger, although he has not purchased a ticket." *City of Houston v. Matthews*, 605 S.W.2d 628, 630 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). However, Texas courts have stipulated "the relationship of passenger and carrier can exist only if there is a contract, expressed or implied, between the carrier and the person transported." *Id.* at 629. Moreover, "courts have sometimes said that the implied invitation to board [a common carrier] is withdrawn when it begins to move, and that the duty of the carrier to exercise a high degree of care toward its passengers does not attach in such circumstances, because one seeking to board a moving train does not become a passenger until he reaches a place of safety." *Aschenbrenner v. U. S. Fid. & Guar. Co.*, 292 U.S. 80 (1934).

At the outset, before we determine if any duty arose on the part of CCRTA, it is incumbent upon Spencer to show the establishment of a passenger-carrier relationship between him and CCRTA. *City of Houston v. Matthews*, 405 S.W.2d 628, 629 (Tex. Civ. App.—Houston [1st Dist.] 1980, pet. denied). The relationship of passenger and carrier can only exist if there is a contract, expressed or implied, between the carrier (CCRTA) and the person transported (Spencer). *Id.*

While "courts will imply a contract from the control and actions of the carrier," Spencer's own testimony provides sufficient evidence that no such contract of carriage

8

between himself and the driver was ever formed to trigger the higher duty he bases his claims upon. *See id.* at 629–30. Spencer testified that when the driver noticed him, he shook his head which Spencer understood as an indication that he was being denied entry onto the bus. Furthermore, Spencer's injury occurred when he stepped off the curb onto the street which Spencer agreed is not the normal procedure for passenger boarding. Spencer's testimony reveals that no passenger-carrier relationship existed and that Spencer was acting outside the standard set for boarding passengers; therefore CCRTA was only under a duty to exercise ordinary care. *See id.*

The evidence presented by Spencer does not raise a genuine issue of material fact as to whether CCRTA breached the standard of ordinary care. The driver clearly indicated that Spencer would not be admitted to board the bus. Spencer did not put forth any evidence showing the driver was aware of Spencer's continued presence as he drove the bus out of its assigned space. Rather, his testimony reveals that the driver did not notice him again, that he exercised ordinary care by checking his mirror to clear his right side, and Spencer had stepped off the curb used for loading and into the street. There was no evidence that points to an instance where the driver acted negligently so as to breach the standard of ordinary care afforded to Spencer.

Because Spencer could not establish that CCRTA owed him a duty and subsequently breached that duty, his ability to fulfill the requirements of a negligence claim fail. *See Urena*, 162 S.W.3d at 550. The evidence Spencer attempted to use before the trial court did not establish the elements necessary to constitute negligence, and the trial court properly granted summary judgment for CCRTA. *See* TEX. R. CIV. P.

166(a). We overrule Spencer's second issue.[4]

## IV. CONCLUSION

We affirm the trial court's grant of summary judgment.

GINA M. BENAVIDES,
Justice

Delivered and filed the
23rd day of August, 2018.

---

[4] Spencer's third issue stated the trial court "abused its discretion in granting the defendant's motion to strike the plaintiff's evidence [215.2(B) (4)] & granting the defendant's no evidence summary judgment." We addressed both issues individually in Issue One and Two and overrule this third issue using the same analysis.