

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00028-CV

Clay **JACKSON**,
Appellant

v.

Francis **WAGMAN**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2016-CV-05999
Honorable H. Paul Canales, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Sandee Bryan Marion, Chief Justice
               Marialyn Barnard, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed: December 19, 2018

REVERSED AND REMANDED

In this breach of contract suit, the trial court granted Francis Wagman's traditional and no-evidence motions for summary judgment against Clay Jackson. On appeal, Jackson argues the trial court erred in granting the motions because there were genuine issues of material fact on the traditional motion and he produced some evidence to defeat the no-evidence motion.

We reverse the trial court's judgment and remand this cause to the trial court.

## BACKGROUND

In 2006, Wagman agreed to sell 2,000 shares in HeiCar, Inc. to Jackson, and the parties executed a "Purchase Agreement and Release" (Agreement). The Agreement included the following provision:[1]

> Purchase and Sale of Shares. Subject to the terms and conditions set forth in this Agreement, Wagman agrees to sell and deliver to [Jackson], and [Jackson] agree[s] to purchase and receive from Wagman, all of the Shares held by Wagman. Wagman shall execute and deliver to [Jackson] all documents reasonably necessary to effectuate the conveyance of the Shares to [Jackson] and to otherwise vest good and marketable title to the Shares in [Jackson].

Wagman and Jackson both performed other requirements under the Agreement, and Jackson began making monthly payments as required.

According to Wagman, Jackson started missing monthly payments in 2008, stopped making payments in 2013, and left an unpaid principal balance of approximately $67,000. Wagman sued Jackson for breach of contract and sought damages and attorney's fees. Jackson raised the affirmative defense of failure of consideration. Wagman moved for traditional summary judgment on his breach of contract claim and no-evidence summary judgment on Jackson's affirmative defense. The trial court granted both motions, and Jackson appeals.

Jackson argues the trial court erred because he raised genuine issues of material fact on the breach of contract claim and he produced some evidence of his affirmative defense.

We consider the traditional motion first.

---

[1] The Agreement also includes a choice of laws provision that the "Agreement will be governed by the laws of the State of Wisconsin." But no party requested that the court take judicial notice of the laws of Wisconsin or provided proof of such laws. *Contra* TEX. R. EVID. 202(b). In the absence of a request and proof, the trial court could presume the relevant laws of Wisconsin to be the same as the laws of Texas. *See Coca-Cola Co. v. Harmar Bottling Co.*, 218 S.W.3d 671, 695 (Tex. 2006) (Brister, J., dissenting) ("When a party fails to request judicial notice of the law of another state as permitted under Rule 202, 'Texas courts will simply presume that the law of the other state is identical to Texas law.'" (quoting Olin Guy Wellborn III, *Judicial Notice Under Article II of the Texas Rules of Evidence*, 19 ST. MARY'S L.J. 1, 28 (1987)); *Pittsburgh Corning Corp. v. Walters*, 1 S.W.3d 759, 769 (Tex. App.—Corpus Christi 1999, pet. denied); *Clayton v. Newton*, 524 S.W.2d 368, 371 (Tex. Civ. App.—Fort Worth 1975, no writ).

**BREACH OF CONTRACT—TRADITIONAL MOTION**

In his first traditional motion for summary judgment, Wagman argued that he was entitled to judgment as a matter of law on his breach of contract claim. Jackson responded that Wagman was not entitled to judgment because Wagman had not performed or tendered performance—specifically, Wagman had not transferred the stock shares to Jackson. The trial court granted Wagman's first motion on the elements of a valid contract, performance by Wagman, and breach by Jackson, but denied the motion on the element of damages. In Wagman's second traditional motion, he provided additional summary judgment evidence on damages and attorney's fees, and the trial court granted the motion on all four elements. Jackson argues the trial court erred in granting the traditional motion because he raised a genuine issue of material fact on whether Wagman had performed under the Agreement.

**A.      Standard of Review**

"We review a trial court's grant of summary judgment *de novo*." *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). We examine "the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). "We indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999); *accord Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam). If the evidence shows there is a genuine issue as to any material fact, the movant is not entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

**B.      Discussion**

To be entitled to judgment as a matter of law on his breach of contract claim, Wagman had to conclusively prove (1) the Agreement was a valid, enforceable contract between him and Jackson, (2) he performed or tendered performance on the Agreement, (3) Jackson breached the contract, and (4) Wagman sustained damages as a result of Jackson's breach. *See E-Learning LLC v. AT & T Corp.*, 517 S.W.3d 849, 858 (Tex. App.—San Antonio 2017, no pet.) (citing *Schuhardt Consulting Profit Sharing Plan v. Double Knobs Mountain Ranch, Inc.*, 468 S.W.3d 557, 573 (Tex. App.—San Antonio 2014, pet. denied)).

Wagman provided the Agreement in his summary judgment evidence.  Jackson did not specially except to the Agreement or argue to the trial court against the existence or validity of the Agreement.  The Agreement requires Wagman "to sell and deliver to [Jackson], . . . all of the Shares held by Wagman.  Wagman shall execute and deliver to [Jackson] all documents reasonably necessary to effectuate the conveyance of the Shares to [Jackson] and to otherwise vest good and marketable title to the Shares in [Jackson]."

Wagman argues that Jackson does not need the stock shares themselves to have good and marketable title to HeiCar, Inc., Jackson never asked for the shares to be transferred, and Jackson never stated that he stopped making payments because he had not received the shares.

Irrespective of Wagman's arguments, the Agreement requires Wagman to "deliver to [Jackson] . . . all of the Shares held by Wagman . . . and all documents reasonably necessary to effectuate the conveyance of the Shares."  *See Mann Frankfort*, 289 S.W.3d at 848; *Joe*, 145 S.W.3d at 157.  Wagman concedes he did not deliver the stock certificates to Jackson, and Jackson avers Wagman did not "file any required paperwork with the Secretary of State of Texas related to the sale of the Corporation."

Viewing the evidence in the light most favorable to Jackson, and making all reasonable inferences in his favor, we conclude the summary judgment evidence raises a genuine issue of material fact on whether Wagman performed as required. *See E-Learning LLC*, 517 S.W.3d at 858; *Schuhardt Consulting*, 468 S.W.3d at 573. Given a genuine issue of material fact on an essential element of the breach of contract claim, Wagman was not entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Joe*, 145 S.W.3d at 157.

We sustain Jackson's first issue.

### FAILURE OF CONSIDERATION—NO-EVIDENCE MOTION

In his second issue, Jackson argues the trial court erred in granting Wagman's no-evidence motion on his affirmative defense of failure of consideration. He contends the Agreement requires Wagman to deliver the shares and reasonably necessary documents to him, and in his affidavit, he averred that Wagman did not.

### A.      Standard of Review

We review a no-evidence summary judgment using a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *see also* TEX. R. CIV. P. 166a(i). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Joe*, 145 S.W.3d at 157; *accord Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 738 (Tex. App.—San Antonio 2009, no pet.). "If the nonmovant's summary judgment evidence contains 'more than a scintilla of probative evidence to raise a genuine issue of material fact,' the trial court may not properly grant the no-evidence motion." *Radcliffe v. Tidal Petroleum, Inc.*, 521 S.W.3d 375, 379 (Tex. App.—San Antonio 2017, pet. denied) (quoting *Smith v. O'Donnell*, 288 S.W.3d 417, 424 (Tex. 2009)). "More than a scintilla of evidence exists when the evidence 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *King Ranch*,

118 S.W.3d at 751 (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)).

## B.    Discussion

As we noted above, the Agreement requires Wagman to deliver to Jackson the shares and all reasonably necessary documents. Wagman concedes that he did not issue or endorse stock certificates and transfer them to Jackson, and Jackson avers Wagman did not provide all the reasonably necessary documents.

Viewing the evidence in the light most favorable to Jackson, and making all reasonable inferences in his favor, we conclude this is some evidence of failure of consideration. *See Joe*, 145 S.W.3d at 157; *Strandberg*, 293 S.W.3d at 738. Because Jackson presented some evidence of his affirmative defense of failure of consideration, the trial court erred in granting Wagman's no-evidence motion. *See Radcliffe*, 521 S.W.3d at 379 (quoting *Smith*, 288 S.W.3d at 424).

We sustain Jackson's second issue.

## CONCLUSION

Wagman moved for traditional summary judgment on his breach of contract claim and for no-evidence summary judgment on Jackson's affirmative defense of failure of consideration. The summary judgment evidence shows Wagman failed to meet his burden to conclusively establish that he performed or tendered performance of all his responsibilities under the Agreement, and Jackson produced some evidence of his affirmative defense of failure of consideration. Thus, the trial court erred by granting Wagman's traditional and no-evidence motions.

We reverse the trial court's judgment and remand this cause to the trial court.

Patricia O. Alvarez, Justice